```
                      UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
                                AT SEATTLE
```

JULIET McMAINS,

                  Plaintiff,                CASE NO.  C06-1539JCC

     v.                                       ORDER

CAROLINE JOAN S. PICART,

                  Defendant.

       This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Transfer Venue (Dkt. No. 5).  Having carefully considered the briefs submitted by the parties (Dkt. Nos. 5, 9, and 12), and supporting declarations (Dkt. Nos. 6 and 10), the Court hereby finds and rules as follows.

**I.    Background**

       This suit was commenced on October 25, 2006, when Plaintiff filed a complaint alleging the Defendant violated her rights under federal copyright law, 17 U.S.C. § 106.  Plaintiff, currently an Assistant Professor in the Dance Program at the University of Washington, authored a book entitled *Glamour Addiction: Inside the American Ballroom Dance Industry* (2006), based upon her doctoral dissertation, *Glamour Lessons: Race, Class, and Gender in the American*

*DanceSport Industry* (2003).  Plaintiff is the owner of U.S. Copyright Registration No. TX-5-844-546, registered on January 5, 2004, for the doctoral dissertation.  Plaintiff alleges that this copyright was infringed in a book authored by Defendant, entitled *From Ballroom to DanceSport: Aesthetics, Athletics, and Body Culture* (2006).  Plaintiff alleges that Defendant has "reproduced, created derivative works, manufactured, publicly displayed, promoted, distributed, and sold in the United States . . . unauthorized reproductions . . . and unauthorized derivatives based on Plaintiff's work."  (Dkt. No. 1, at 3.)

In the present motion, Defendant requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2)[1] for lack of personal jurisdiction, or, in the alternative, a transfer of venue to the Northern District of Florida pursuant to 28 U.S.C. § 1406(a).  Defendant asserts that she authored her work roughly from 2001 until May of 2004.  During at least part of this time, both parties resided in Florida and taught at Florida State University in Tallahassee.  In March 2003, Defendant granted the Research Foundation of State University of New York ("the SUNY Foundation") sole and exclusive rights to print, publish, reproduce, distribute, and sell Defendant's work.  Accordingly, Defendant has never individually reproduced or distributed copies of the work; it has been distributed by SUNY Press.  Defendant avers that she has never been present in the state of Washington, does not own property here, has no agents or employees here, and has never marketed or distributed any books here.  She argues that because of her limited contacts with the state, this Court does not have personal jurisdiction over her.

//

//

---

[1] Defendant styles her motion as one pursuant to Federal Rule of Civil Procedure 12(b)(3) (improper venue).  However, because her arguments go to the constitutional limitations on the Court's jurisdiction over Defendant, the Court construes this as a motion pursuant to Rule 12(b)(2) (lack of personal jurisdiction).

## II. Personal Jurisdiction

Since the Court decides this motion on the papers and without holding an evidentiary hearing, Plaintiff need only make a prima facie case that personal jurisdiction exists. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 (9th Cir. 1993). Because there is no federal statute governing personal jurisdiction in this case, the Court applies the law of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).

Whether a Washington court has jurisdiction over a non-resident defendant depends on (1) whether the requirements of the Washington long-arm statute are met, Wash. Rev. Code § 4.28.185, and (2) whether the assertion of jurisdiction comports with the Due Process Clause of the United States Constitution. *Pedersen Fisheries, Inc. v. Patti Indus., Inc.*, 563 F. Supp. 72, 74 (W.D. Wash. 1983) (citing *Plant Food Co-op v. Wolfkill Feed & Fertilizer Corp.*, 633 F.2d 155, 157 (9th Cir. 1980)). Washington's long-arm statute permits Washington courts to exert jurisdiction to the full extent permitted by the Due Process Clause, and thus, the two inquiries merge into one. *Deutsch v. W. Coast Mach. Co.*, 497 P.2d 1311, 1314 (Wash. 1972).

For a court to exert personal jurisdiction[2] over a defendant, the Due Process Clause requires that the party have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Such minimum contacts cannot exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus

---

[2] Properly anticipating that Defendant's contacts with Washington cannot possibly be sufficiently "continuous and systematic" to justify general personal jurisdiction, the parties focus their discussion on specific personal jurisdiction. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 416 (1984). The Court will do the same.

invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

The Ninth Circuit has distilled these requirements into a three-part test:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;]
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities [; and]
> (3) exercise of jurisdiction must be reasonable.

*Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1051 (9th Cir. 1997) (quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)). Finding that Plaintiff cannot establish the first prong of this test, the Court finds it unnecessary to discuss the second two prongs.

In tort cases, or actions akin to tort cases, purposeful availment can be established under the effects test, which provides that conduct outside the forum state can be sufficient to confer personal jurisdiction when that conduct was aimed at and has an effect in the forum state. *Calder v. Jones*, 465 U.S. 783, 789 (1984). Plaintiff properly states that to establish purposeful availment via the effects test, it must be established that Defendant committed "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state." *Panavision*, 141 F.3d at 1321 (quoting *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486 (9th Cir. 1993)). Plaintiff goes on, however, to make this mystifying argument about the effects doctrine:

> The effects doctrine does not stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction; there must be "something more." *Bancroft and Masters*, 223 F.3d at 1087. *However, the requisite 'something more' is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff.*

(Dkt. No. 9 at 4 (emphasis added).) It is specifically the italicized sentence of this quoted section that is so puzzling to the Court. Ninth Circuit cases have indeed referred to a "something more"

element; it generally, but not exclusively, arises in the context of establishing personal jurisdiction over a defendant when the allegedly tortious conduct took place over the internet. *See, e.g.*, *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *Panavision*, 141 F.3d at 1322; *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).

On its face, Plaintiff's statement of the "rule"—that this "something more" element "is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff"— does not indicate that either party need have any relationship to the forum state. Under Plaintiff's rule, an act with effects in a forum state could justify jurisdiction over the defendant in the forum state regardless of whether or not any party has a connection to the forum state. But the "something more" element is designed to ensure a connection to the forum state. An action originating outside the forum state, with effects in the forum state, does not demonstrate a connection to the forum state merely by virtue of having been "directed at a plaintiff." Plaintiff must have a connection to the forum state through which it can be inferred that the defendant has a connection to the forum state for the purposeful availment element to be fulfilled.

The Court assumes that Plaintiff intends the plaintiff's state of residence to establish the requisite connection to the forum state. (Dkt. No. 9 at 5 ("Defendant's tortious acts were intentionally directed at the plaintiff, who has become a resident of Washington, and the effect of defendant's tortious acts has followed the defendant to the state of Washington.").) But a rule based solely on plaintiff's residence at the time of filing suit would eviscerate the constitutional requirements necessary to personal jurisdiction. If it was the case that a defendant's tortious acts followed the defendant wherever the plaintiff moved, then a Florida resident who committed an assault against another Florida resident while in Florida would be subject to the jurisdiction of a Washington court even if the plaintiff moved to Washington only after the tortious conduct was

completed. Even in the days of territorial jurisdiction, it was not the law that a plaintiff's residence at the time of filing could establish personal jurisdiction over a defendant in a tort action when that tortious conduct took place entirely outside the state of plaintiff's residence. *Pennoyer v. Neff*, 95 U.S. 714 (1877).

Plaintiff's formulation disregards the second element of the *Panavision* test that she quotes mere sentences before the mystifying passage—that the defendant's actions must be "expressly aimed at the forum state."[3] Thus, Plaintiff's residence is relevant only insofar as it shows that Defendant had the requisite "minimum contacts" by virtue of having aimed conduct at the forum state. Plaintiff has introduced no facts to show that any of Defendant's conduct was expressly aimed at Washington. The parties met while both taught at Florida State University in Tallahassee. Defendant authored the book that allegedly infringes on Plaintiff's copyright entirely while she resided in Florida. Defendant has never been to Washington, owns no property in Washington, has no agents or employees in Washington, and has engaged in no marketing or distribution of the book in Washington.[4] Indeed, the *only* connection to Washington that has been alleged, aside from the fact that the SUNY Press, a non-party, distributes Defendant's book here, is that *Plaintiff* moved to Washington in August of 2006, two years after the completion of Defendant's book. (Dkt. No. 10 at 2.) This is insufficient to show that any of Defendant's conduct was expressly

---

[3] Similarly, Plaintiff ignores the language in *Bancroft & Masters*, which Plaintiff specifically cites, where the Ninth Circuit explains that "'something more' is what the Supreme Court described as 'express aiming' at the forum state." *Bancroft & Masters*, 223 F.3d at 1087.

[4] Plaintiff makes much of the fact that copies of Defendant's book are available for sale or in libraries in Washington. (Dkt. No. 9 at 5.) Plaintiff does not dispute, however, that in 2003, Defendant assigned exclusive rights to the book to the SUNY Foundation. Accordingly, she has been uninvolved in the printing, publishing, distribution, and marketing of the book. It is well-established that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987). Thus, even if Defendant's sale of the rights to the book can be considered placing it in the stream of commerce, the sale of the book in Washington is not conduct that Defendant "expressly aimed at the forum state."

aimed at the state of Washington. Accordingly, the Court concludes that it does not have personal jurisdiction over Defendant, and Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is GRANTED.

### III.   Conclusion

The Court finds that because of Defendant's minimal contacts with the state of Washington, it would offend traditional notions of fair play and substantial justice to hale her into court here. Defendant's motion is GRANTED. Defendant requests, as an alternative form of relief, transfer of venue to the Northern District of Florida pursuant to 28 U.S.C. § 1406(a). While it is within the discretion of the Court to transfer the case, *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962), Plaintiff does not request transfer in the event that the Court grants Defendant's motion on jurisdictional grounds. Thus, the action is DISMISSED WITHOUT PREJUDICE to refiling in another jurisdiction where personal jurisdiction over the Defendant may be established.

SO ORDERED this <u>30th</u> day of March, 2007.

/s/ John C. Coughenour
UNITED STATES DISTRICT JUDGE